**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Grecia Mercado and Gustavo Mercado Gonzalez,<br><br>    Plaintiffs<br><br>v.<br><br>Loren Miller, et al.,<br><br>    Defendants | Case No.: 2:22-cv-02182-JAD-EJY<br><br>**Order Granting Defendants' Motion to Dismiss and Denying Plaintiffs' Motion to Shorten Time as Moot**<br><br>[ECF No. 8, 10] |

Plaintiffs Grecia Mercado and her father Gustavo Mercado Gonzalez seek declaratory and injunctive relief under the Administrative Procedure Act (APA) and a writ of mandamus ordering the U.S. Citizenship and Immigration Services (USCIS) to complete its adjudication of Gustavo Mercado's I-601A application for a provisional-unlawful-presence waiver and the Department of State (DOS) to schedule his consular visa interview. The Mercados sue Department of Homeland Security (DHS) officials Loren Miller, Alejandro Mayorkas, and Ur Mendoza Jaddou as well as DOS officials Anthony Blinken, Phillip Slattery, and Richard Visek in their official capacities.

All defendants move to dismiss the claims against them for want of subject-matter jurisdiction and for failure to state a claim for relief, arguing that the enabling statute on which plaintiffs rely (8 U.S.C. § 1182) strips this court of jurisdiction and that the plaintiffs fail to plead sufficient facts supporting a claim for unreasonable delay. Separately, the Mercados move for an order shortening time on the defendants' motion, seeking "expedited review from the [c]ourt."[1] Because 8 U.S.C. § 1182(a)(9)(B)(v) divests federal courts of jurisdiction to review the

---

[1] ECF No. 10 at 2.

plaintiffs' claims against the DHS defendants and the claims against the DOS defendants are not ripe, I grant the defendants' motion to dismiss the claims against them and close this case. I thus also deny the plaintiffs' motion as moot.

**Background**

Any person unlawfully present in the United States for more than 180 days is inadmissible and barred from reentry into the country unless he can obtain a waiver from USCIS.[2] Under the Immigration and Nationality Act (INA), a noncitizen may be eligible to apply for lawful permanent residence based on his relationship with a U.S. citizen or long-term resident.[3] That process begins with a citizen relative filing an I-130 petition to sponsor the applicant's lawful permanent residence.[4] Once USCIS has approved the I-130 petition, the noncitizen may then apply for an I-601A Provisional Unlawful Presence Waiver. The Secretary of Homeland Security has sole discretion to grant the applicant a waiver if refusal to admit him "would result in extreme hardship to the [applicant's] citizen or lawfully resident spouse or parent."[5]

Grecia Mercado seeks to sponsor her father, Gustavo Mercado Gonzalez, for an approved-immigrant visa.[6] To do so, Grecia[7] filed an I-130 petition with USCIS in October 2022, which was then approved in February of last year.[8] Less than a month later, Gustavo filed

---

[2] ECF No. 4-1 at 7; 8 U.S.C. § 1182(a)(9)(B).

[3] 8 U.S.C. §§ 1151, 1153.

[4] ECF No. 4-1 at 7.

[5] 8 U.S.C. § 1182(a)(9)(B)(v).

[6] ECF No. 4-1 at 7.

[7] Because the plaintiffs share a surname, I use their first names for identification purposes. No disrespect is intended in doing so.

[8] *Id.*

an I-601A application on his own behalf, and it has been pending with the USCIS Nebraska Service Center ever since.[9]  The plaintiffs sue under the APA and the Mandamus Act, contending that the DHS defendants have unreasonably delayed processing Gustavo's I-601A application and the DOS defendants have failed to schedule his consular visa interview.

## Discussion

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute."[10]  Federal Rule of Civil Procedure (FRCP) 12(b)(1) authorizes federal courts to dismiss a complaint for want of subject-matter jurisdiction.[11]  The party asserting federal jurisdiction has the burden of establishing all its requirements, and the court presumes that it lacks subject-matter jurisdiction until it is established by the plaintiffs.[12]

Because "mandamus relief and relief under the APA are in essence the same," the jurisdictional analysis flowing from either is equivalent.[13]  The APA requires that agencies conclude matters presented to them "within a reasonable time"[14] and authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed."[15]  Agency action is defined in the APA as "the whole or a part of an agency rule, order, license, sanction, relief, . . .

---

[9] *Id.* at 7–8.

[10] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up).

[11] Fed. R. Civ. P. 12(b)(1).

[12] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[13] *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022) (cleaned up); *see Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997); *Dong v. Chertoff*, 513 F. Supp. 2d 1158, 1161 (N.D. Cal. 2007).

[14] 5 U.S.C. § 555(b).

[15] *Id.* at § 706(1).

or failure to act."[16]  But if a relevant statute "preclude[s] judicial review," then the APA does not apply.[17]

### I. This court lacks subject-matter jurisdiction over the plaintiffs' unreasonable-delay claim under § 1182(a)(9)(B)(v).

The defendants argue that the INA's language regarding waiver expressly prohibits judicial review of USCIS's waiver determinations and adjudication processes.[18]  That provision states that "[t]he Attorney General has sole discretion to waive [the accrual of unlawful presence]" and that "[n]o court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause."[19]  The plaintiffs, however, contend that this language does not deprive the court of jurisdiction because USCIS's unreasonable delay is "not classified as an agency action or decision."[20]  They argue that the defendants read the enabling statute too broadly by failing to distinguish between an agency's waiver denial and its failure to act, as is the case here.[21]

I find that judicial review by this court is precluded by 8 U.S.C. § 1182(a)(9)(B)(v).  The waiver provision precludes judicial review for any "action . . . regarding a waiver,"[22] which the APA defines to include a "failure to act."[23]  And, as the defendants argue, the Supreme Court

---

[16] *Id.* at § 551(13).

[17] *Id.* at § 701(a)(1).

[18] ECF No. 8 at 8–9.

[19] 8 U.S.C. § 1182(a)(9)(B)(v).

[20] ECF No. 9 at 3 (internal quotation marks removed).

[21] *See id.* at 6 (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004)).

[22] 8 U.S.C. § 1182(a)(9)(B)(v).

[23] 5 U.S.C. § 551(13).

case *Patel v. Garland* supports this reading.[24]  In *Patel*, the Court considered the scope of a different jurisdiction-stripping provision (§ 1252(a)(2)(B)(i)) that barred courts from reviewing "any judgment regarding the granting of relief under" various sections of the INA.[25]  The *Patel* court held that the provision "does not restrict itself to certain kinds of decisions" but rather "prohibits review of *any* judgment *regarding* the granting of relief" under the enumerated code sections.[26]  The Court also noted that the provision should be read broadly because its use of "'regarding' in a legal context generally has a broadening effect, ensuring that the scope of a provision covers not only its subject but also matters relating to that subject."[27]

While *Patel* dealt with the scope of the term "judgment" in the context of another part of the INA, its reasoning applies equally here.  There is no textual limitation restricting § 1182(a)(9)(B)(v) to certain kinds of decisions; it states that it covers any "decision or action" taken by the Secretary of Homeland Security regarding a waiver.[28]  And because the provision uses "regarding," I follow the *Patel* court's directive to give it a "broadening effect" here and read this jurisdictional bar to cover any matters relating to the subject of waiver—including delay.[29]  I thus find that § 1182(a)(9)(B)(v) precludes judicial review of USCIS's alleged delay in processing Gustavo's I-601A application and grant the DHS defendants' motion to dismiss the claims against them.

---

[24] ECF No. 8 at 10–11 (citing *Patel v. Garland*, 142 S. Ct. 1614, 1622, 1624 (2022)).
[25] *Patel*, 142 S. Ct. at 1622.
[26] *Id.* (emphasis original).
[27] *Id.* (some internal citation marks omitted).
[28] 8 U.S.C. § 1182(a)(9)(B)(v).
[29] *Patel*, 142 S. Ct. at 1622.

**II.     The plaintiffs' claim against the DOS defendants does not continue after dismissal of the claim against the DHS defendants.**

The Mercados argue that, "[e]ven if the [c]ourt would dismiss the claim against USCIS related to the waiver, the claim of unreasonable delay against [d]efendants Anthony J. Blinken, Phillip Slattery, and Rihard C. Visek would continue for the relief sought."[30] But this argument fails because, as the defendants contend, there is no live case or controversy present without the anchoring claim against USCIS for unreasonable delay in adjudicating Gustavo's I-601A application.[31]

Whether there is a live case or controversy is a question of ripeness. "For a case to be ripe, it must present issues that are definite and concrete, not hypothetical or abstract."[32] The claims against these three defendants are based on DOS's delay in scheduling a consular interview with the plaintiffs.[33] But no consular interview can be scheduled until USCIS notifies DOS that it has approved the applicant's I-601A waiver application.[34] The plaintiffs' claim against these defendants is contingent on the hypothetical granting of Gustavo's I-601A waiver and therefore fails to present a ripe case or controversy to this court. So I grant the DHS defendants' motion to dismiss the claims against them for want of subject-matter jurisdiction.[35]

---

[30] ECF No. 9 at 4.

[31] ECF No. 13 at 6–7.

[32] *Bishop Paiute Tribe v. Inyo Cty.*, 863 F.3d 1144, 1153 (9th Cir. 2017).

[33] ECF No. 4-1 at 10.

[34] ECF No. 13 at 7 (citing 9 Foreign Aff. Manual 302.11-3(D)(1)(b)(3)(c)).

[35] Because I dismiss this case on jurisdictional grounds, I do not reach the parties' FRCP 12(b)(6) arguments.

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 8] is GRANTED**. This case is dismissed for want of subject-matter jurisdiction. The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

IT IS FURTHER ORDERED that the plaintiffs' motion to shorten time **[ECF No. 10] is DENIED as moot**.

_____
U.S. District Judge Jennifer A. Dorsey
July 7, 2023